IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROY LEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-079 |
| | ) | |
| MR. H. MILLER, Senior Correctional Officer, CCA Wheeler; MR. MAURICE COX, Senior Correctional Officer, CCA Wheeler, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia,

seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For

the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request

to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice

I.    **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with

the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810,

110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes

A review of Plaintiff's history of filings reveals that he has brought at least eight cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Smith v. Head, CV 514-067 (M.D. Ga. Feb. 25, 2014) (failure to state a claim); (2) Smith v. St. Lawrence, CV 413-155 (S.D. Ga. Feb. 28, 2014) (failure to comply with a court order); (3) Smith v. Zoley, CV 514-071 (M.D. Ga. Mar. 3, 2014) (failure to state a claim); (4) Smith. v. Lewis, CV 414-015 (S.D. Ga. Mar. 28, 2014) (failure to state a claim); (5) Smith v. Zoley, CV 5:14-080 (M.D. Ga. Apr. 4, 2014) (failure to state a claim); (6) Smith v. Jordan, CV 514-070 (M.D. Ga. May 2, 2014) (failure to comply with a court order); (7) Smith v. St. Lawrence, CV 413-237 (S.D. Ga. May 6, 2014) (failure to comply with a court order); (8) Smith v. Abbot, CV 414-040 (S.D. Ga. July 22, 2014) (failure to state a claim). A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g));

Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process"). Furthermore, Plaintiff has recently filed a complaint with this Court that was dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above. See Smith v. Powell, CV 314-078 (S.D. Ga. Oct. 7, 2014). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B.    Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff alleges that he is imminent danger of serious physical injury due to the (1) conditions of his cell, (2) cavity and strip searches by the prison guards, and (3) his own mental condition.

Plaintiff alleges that, on November 8, 2014, he was placed in a dusty cell containing insects, a sink backed up with feces, and dirty undrinkable water, and he was denied a request for supplies to sanitize the cell. (Doc. no. 1, p. 6.) However, these allegations relate to an event occurring over eleven months ago, and do not lead to any inference that Plaintiff is in any imminent danger at the time of the complaint. Furthermore, any danger resulting from these conditions would not lead to serious physical injury.

Plaintiff also alleges imminent danger from cavity and strip searches which he believes constitutes sexual assault. However, Plaintiff's complaint is clear that the searches were visual cavity searches, and his allegation that this constituted some sort of sexual assault is completely

baseless. (See doc. no. 1, p. 11.) Furthermore, the search that Plaintiff complains of occurred October 31, 2014, rendering any claim of imminent danger meritless. (Id. at 10.)

Plaintiff also claims imminent danger because he is being denied medical care relating to his post-traumatic stress disorder. (Doc. no. 1, pp. 5, 13.) Plaintiff claims to have attempted suicide twice, most recently on November 25, 2014. (Id.) Plaintiff requests a thirty day review by a psychiatrist and psychologist, separation from all inmates until an investigation is completed, and mental health counseling twice a day for eight months (Id. at 7.) Importantly, Plaintiff does not allege that he is currently a threat to commit suicide, only that he is not receiving the extraordinary medical treatment he feels he is entitled to. Plaintiff's vague allegations that he is not receiving adequate health treatment and that he has attempted suicide at some point in the past do not meet the requirements for alleging imminent danger of serious physical injury to circumvent the three strikes provision. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (finding Plaintiff's vague allegations of deprivation of unidentified heart medication as insufficient). Accordingly, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should

be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 28th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA