IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROY LEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 315-079 |
| | ) |
| MR. H. MILLER, Senior Correctional | ) |
| Officer, CCA Wheeler; MR. MAURICE | ) |
| COX, Senior Correctional Officer, CCA | ) |
| Wheeler; MS. ROGERS, L.T.; and MS. | ) |
| S. MILLS, L.T., | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Valdosta State Prison in Valdosta, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. On October 28, 2015, the Court recommended dismissal of this action because of Plaintiff's status as a three-striker. (Doc. no. 3.) On November 6, 2015, Plaintiff filed a motion to amend which the Court denied as moot because Plaintiff could amend as a matter of right. (Doc. nos. 5, 7.) On December 7, 2015 Plaintiff filed an amended complaint in accordance with the Court's November 6th Order. (Doc. no. 8.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes

A review of Plaintiff's history of filings reveals that he has brought at least eight cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Smith v. Head, CV 514-067 (M.D. Ga. Feb. 25, 2014) (failure to state a claim); (2) Smith v. St. Lawrence, CV 413-155 (S.D. Ga. Feb. 28, 2014) (failure to comply with a court order); (3) Smith v. Zoley, CV 514-071 (M.D. Ga. Mar. 3, 2014) (failure to state a

2

claim); (4) <u>Smith. v. Lewis</u>, CV 414-015 (S.D. Ga. Mar. 28, 2014) (failure to state a claim); (5) <u>Smith v. Zoley</u>, CV 5:14-080 (M.D. Ga. Apr. 4, 2014) (failure to state a claim); (6) <u>Smith v. Jordan</u>, CV 514-070 (M.D. Ga. May 2, 2014) (failure to comply with a court order); (7) <u>Smith v. St. Lawrence</u>, CV 413-237 (S.D. Ga. May 6, 2014) (failure to comply with a court order); (8) <u>Smith v. Abbot</u>, CV 414-040 (S.D. Ga. July 22, 2014) (failure to state a claim). A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). <u>See Rivera</u>, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); <u>Malautea v. Suzuki Motor Co., Ltd.</u>, 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process"). Furthermore, Plaintiff has recently filed a complaint with this Court that was dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above. <u>See</u> <u>Smith v. Powell</u>, CV 314-078 (S.D. Ga. Oct. 7, 2014). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff alleges that he is imminent danger of serious physical injury due to the (1) conditions of his cell, (2) cavity and strip searches by the prison guards in October of 2014, (3) his own mental condition, and (4) lack of treatment for his rectal bleeding at Valdosta Prison. Plaintiff admits in his complaint that he was transferred to Valdosta State Prison on November 18, 2014. (Doc. no. 8, p. 30.) Thus, he cannot

3

be in imminent danger of physical injury due to the actions of Defendants in regards to the strip search and mental health treatment because he is no longer at Wheeler Correctional Facility, the place of their employment. Further, the events he complains about, excluding his rectal bleeding and cell conditions, occurred in October of 2014, eleven months before he filed his original complaint.

Plaintiff also alleges he is suffering from rectal bleeding due to the cavity search that occurred in October of 2014 and that he has also shown signs of prostate cancer. (Doc. no. 8, p. 9.) Plaintiff alleges his signs of prostate cancer were first noticed in an appointment with Dr. Avery Moody at Valdosta State Prison on July 13, 2015, and he is being denied medications and treatment daily for rectal bleeding. (Id.) Plaintiff also complains of his dusty cell conditions at Valdosta State Prison which cause him to cough up mucus with dust in it. (Id. at 15.) Plaintiff cannot add unrelated claims for the purpose of circumventing the three-strikes provision. See Harris v. Georgia, CV 408-038, 2008 WL 1758824, at *2 (S.D. Ga. Apr. 16, 2008). Thus, his claim of dusty cell conditions is improper and appears to only be alleged to aid him in circumventing the three-strikes provision. Even considering the claim, his only allegations of danger from these conditions is shortness of breath and future lung cancer, neither of which is sufficiently specific for a finding of imminent danger of serious physical injury. Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006) (finding Plaintiff's vague allegations of deprivation of unidentified heart medication as insufficient).

Plaintiff also attempts to relate his "signs of prostate cancer" back to the cavity search that occurred in October 2014, stating that one caused the other. As noted above, Plaintiff has not named a single defendant that is currently employed at Valdosta State Prison, making it clear

4

that this claim is simply added to circumvent the three-strikes provision. Plaintiff also undermines his own claims of imminent danger of serious physical injury from his medical condition, stating that he is under the care of a physician for this condition and will receive treatment within nine to fifteen weeks. (Doc. no. 8, p. 10.) Moreover, the only injury Plaintiff alleges he will suffer from this short delay in treatment is an increased chance of exposure to diseases and infection, which is not sufficiently specific or imminent. (Id.) The Court thus cannot say that Plaintiff is in imminent danger of serious physical injury. Accordingly, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

### III. CONCLUSION

For the reasons set forth above, the Court the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 16th day of December, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA